```
UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| ANTOINE BRODIS, | 1:12-CV-01587 LJO BAM HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| JAMES D. HARTLEY, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On October 11, 2011, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Central District of California. On September 21, 2012, the matter was transferred to the Eastern District of California and received in this Court. Petitioner challenges the California court decisions upholding a January 28, 2009, decision of the California Board of Parole Hearings.

On January 24, 2011, the Supreme Court decided Swarthout v. Cooke, ___ U.S. ___, 131 S.Ct. 859, 2011 WL 197627 (Jan. 24, 2011). In Swarthout, the Supreme Court held that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." The federal habeas court's inquiry into whether a prisoner denied parole received due process is limited to determining whether the prisoner "was allowed an opportunity to be heard and

was provided a statement of the reasons why parole was denied." Id., *citing*, Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).  The transcript of the parole hearing attached to the petition demonstrates that Petitioner was provided an opportunity to be heard and a statement of reasons why parole was denied.  (See Petition, Ex. A.)  The transcript shows Petitioner personally attended the hearing and participated in its entirety.  He was provided the opportunity to discuss the circumstances leading up to the crime, the circumstances surrounding the crime itself, and the actions he had taken since commitment.  The parole board discussed all relevant factors, both positive and negative, and concluded that based on the evidence, Petitioner was unsuitable for parole. According to the Supreme Court, this is "the beginning and the end of the federal habeas courts' inquiry into whether [the prisoner] received due process." Swarthout, 131 S.Ct. at 862.  The instant petition does not present cognizable claims for relief and must be dismissed.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED for failure to state a cognizable claim for relief.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after date of service of this Findings and Recommendation, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 18, 2012                    /s/ **Barbara A. McAuliffe**
                                                              UNITED STATES MAGISTRATE JUDGE